UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID MCGLYNN,<br><br>       Plaintiff,<br><br> - against -<br><br>THE SOCIAL EDGE NETWORK, INC.<br><br>       Defendant. | Docket No. 1:19-cv-00638<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff David McGlynn ("McGlynn" or "Plaintiff") by and through his undersigned

counsel, as and for his Complaint against Defendant The Social Edge Network, Inc. ("Social" or

"Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1.  This is an action for copyright infringement under Section 501 of the Copyright

Act; and for the removal and/or alteration of copyright management information under Section

1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's

unauthorized reproduction and public display of a copyrighted photograph of the entrance of the

Holland Tunnel, owned and registered by McGlynn, a New York based professional

photographer. Accordingly, McGlynn seeks monetary relief under the Copyright Act of the

United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2.  This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court

has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      McGlynn is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 710 W. 173rd Street, Apt. B, New York, New York 10032.

6.      Upon information and belief, Social is a foreign business corporation duly organized and existing under the laws of the State of Delaware, with a place of business 1001 Sixth Avenue, 14th Floor, New York, New York 10019. Upon information and belief Social is registered with the New York Department of State Division of Corporations to do business in the State of New York. At all times material, hereto, Social has owned and operated a website at the URL: www.ComicSands.com (the "Website").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photograph**

7.      McGlynn photographed the entrance of the Holland Tunnel (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.      McGlynn then licensed the Photograph to the New York Post. On December 11, 2018, the New York Post ran an article that featured the Photograph titled *Holland Tunnel's holiday decoration are 'OCD nightmare'*.  See URL: https://nypost.com/2018/12/11/holland-tunnels-holiday-decorations-are-ocd-nightmare/.  McGlynn's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

9.      McGlynn is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10.     The Photograph was registered with the United States Copyright Office and was given registration number VA 2-134-072

**B.      Defendant's Infringing Activities**

11.     On or about December 13, 2018, Social ran an article on the Website titled *Budweiser Roasts The Holland Tunnel's Cringe-Worthy Placement Of Their Holiday Decorations With The Ultimate Troll.* See URL: https://www.comicsands.com/budweiser-roasts-the-holland-tunnels-2623310157.html. The article featured the Photograph. A screenshot of the Photograph on the Website is attached hereto as Exhibit C.

12.     Social did not license the Photograph from Plaintiff for its article, nor did Social have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

13.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14.     Social infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Social is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.     Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. § 1202)

20.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-20 above.

21.     Upon information and belief, in its article on the Website, Defendant copied the Photograph from the New York Post which contained a gutter credit underneath the Photograph stating, "David McGlynn" and placed it on its Website without the gutter credit.

22.     Upon information and belief, Social intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

23.     The conduct of Social violates 17 U.S.C. § 1202(b).

24.     Upon information and belief, Social's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Social intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Social also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

26.     As a result of the wrongful conduct of Social as alleged herein, Plaintiff is entitled to recover from Social the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Social because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27.     Alternatively, Plaintiff may elect to recover from Social statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.      That Defendant Social be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.      The Defendant Social be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.      That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4.      That, with regard to the Second Claim for Relief, Plaintiff be awarded either:

a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any

kind attributable to Defendant's falsification, removal and/or alteration of

copyright management information; or b) alternatively, statutory damages of at

least $2,500 and up to $ 25,000 for each instance of false copyright management

information and/or removal or alteration of copyright management information

committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.      That Defendant be required to account for all profits, income, receipts, or other

benefits derived by Defendant as a result of its unlawful conduct;

6.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17

U.S.C. § 505;

7.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to

17 U.S.C. § 1203(b);

8.      That Plaintiff be awarded pre-judgment interest; and

9.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
          January 22, 2019

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com
*Attorneys for Plaintiff David McGlynn*